## UNITED STATES v. ROSE.

(*Circuit Court, D. California.*   June 23, 1885.)

1. PUBLIC LANDS—ACTION BY UNITED STATES TO ANNUL PATENT.

   The United States has the same remedy in a court of equity, to set aside or annul a patent for land on the ground of fraud in procuring its issue, which an individual would have in regard to his own deed procured under similar circumstances; following *U. S.* v. *Minor*, 5 Sup. Ct. Rep. 836.

2. SAME—PROCEEDINGS BEFORE LAND-OFFICE—EFFECT OF JUDGMENTS AND DECREES.

   The doctrine of the conclusiveness of judgments and decrees of courts as between those who are parties to the litigation, is not applicable to the United States in regard to the proceedings before the land-officers in granting patents for the public land.

Suit to Set Aside Patent.

*J. M. Walling*, for complainants.

*Charles W. Kitts*, (*Niles Searles* with him,) for defendant.

SAWYER, J.   This is a suit in which, as in the case of *U. S.* v. *San Jacinto Tin Co.* 23 FED. REP. 279, upon an indemnity against costs given to the government by parties in interest, the indemnifying parties have been permitted to prosecute a suit in the name of the United States against the defendant, to set aside a United States patent. The grounds relied on for annulling the patent are that it was obtained upon fraudulent representations made to the register of the land-office, supported by perjury in the affidavits filed, stating the land to be non-mineral vacant land, when it is alleged to have been, in fact, known mineral land, and to have been in the actual possession of private parties, claiming and working it as mineral land, at the time of the entry in the land-office and of the issue of the patent.   The fraud and perjury alleged constitute the grounds upon which it is sought to vacate the patent.   In *U. S.* v. *White*, 9 Sawy. 125, although I entertained at the time grave doubts as to its applicability, I finally held, upon demurrer, that the case was governed by the principle established in *U. S.* v. *Flint*, 4 Sawy. 51–53, affirmed in 98 U. S. 61, and in *Vance* v. *Burbank*, 101 U. S. 519, and dismissed the bill.

I thought it better that the point should be settled by the supreme court for that, and all other contemplated cases, at that stage of the case.   The value of the property turned out to be insufficient to give the supreme court jurisdiction.   The question again arose in *U. S.* v. *Minor*, and in other cases, wherein the value was also insufficient to give the supreme court jurisdiction.   And it was manifestly likely to arise in numerous other cases in this state.   Still, being in doubt, and not fully satisfied as to the correctness of my former ruling, and the question being one of great importance, and certain to arise in a great number of other cases, I invited the district judge to sit with me, and, though not fully satisfied on the point, I adhered to my ruling in *White's*

*Case.* The district judge, though somewhat in doubt, taking a different view of the question, we divided in opinion, and, upon the request of the counsel for complainant, certified a division of opinion to the supreme court. Judgment was thereupon suspended in this and all other cases involving the same questions then pending until the point should be authoritatively settled in that case.

Towards the close of the last term, *Minor's Case* was decided by the supreme court, and distinguished from the cases upon which I had relied, and the views adopted in *White's* and *Minor's Cases* were overruled. The decision in *Minor's Case*, therefore, authoritatively settles in favor of complainant the main question presented by the demurrer, and relied on by defendant in this case.

Several questions are made as to the sufficiency of some of the material allegations of the bill. However it might be on special demurrer, I think, upon the whole, that they are sufficient upon a general demurrer, which only goes to a want of equity in the bill. Assuming the defendant to be correct upon all points discussed, upon the authority of *U. S.* v. *Minor*, 5 Sup. Ct. Rep. 836, the demurrer must be overruled, and leave given to answer to the bill on or before the rule-day in August; and it is so ordered.